**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**V.**                                 **NO. 4:07-CV-00011 GTE**

**CARL WYNN**                                                      **DEFENDANT**

**<u>ORDER</u>**

On September 21, 2007, Mr. Wynn, proceeding *pro se*, filed a Motion to Withdraw his Guilty Plea. For cause, Mr. Wynn states that the Government and the Defendant forced him to plead guilty. Mr. Wynn seeks a trial by jury.

On April 16, 2007, the Defendant entered a plea of guilty to Count 1 of the Indictment, charging him with falsely pretending to be an agent of the U.S. Border Patrol for the purpose of causing a business not to hire unlawful aliens, a violation of 18 U.S.C. § 912. In exchange for the plea, the Government moved for the dismissal of Count 2, which charged the Defendant with possession of body armor after having been convicted of a crime of violence (2nd degree battery).

On August 23, 2007, the Court sentenced Mr. Wynn to one year of probation.

On August 29, 2007, Mr. Wynn filed a Notice of Appeal. In his appeal, Mr. Wynn challenges both the application and constitutionality of the Sentencing Guidelines. Mr. Wynn's appeal challenges the special conditions imposed by the Court at sentencing. Mr. Wynn did not appeal his conviction or his guilty plea.

Rule 11(e) of the Federal Rules of Criminal Procedure provides that after sentence is imposed, a defendant "may not withdraw a plea of guilty" and that "the plea may be set aside

only on direct appeal or collateral attack." Accordingly, Mr. Wynn's motion to withdraw his guilty plea, filed after sentencing, must be denied.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Withdraw Plea (Docket No. 30) be, and it is hereby, DENIED.

IT IS SO ORDERED this  3rd  day of December, 2007.

_/s/Garnett Thomas Eisele_____  
UNITED STATES DISTRICT COURT